

**BC**

RECEIVED CVK
10/6/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS, EAST DIVISION

Kimberly Jean Brown, individually,

     Plaintiff, and,

Brown-Washington Trust,

     Derivative Plaintiff on behalf

     of Legacy Complete

     vs.

CBS Broadcasting Inc;

Grand Prix Printing, LLC;

JP Morgan Chase Bank, N.A.

Standing Oaks Venture Partners; and,

TechStars Central LLC

     ("Corporate Defendants")

Cody Barbo; Daniel Goldstein;

Lila Goldston; Michael Greeby;

Brian Lamb; W. Kelly Shannon;

Dorothy Tucker Wilkins; Storm Vaske;

Tony Wilkins; Erika Williams;

     ("Individual Defendants");

**Case:** _____

1:25-cv-12209
Judge Martha M. Pacold
Magistrate Judge Heather K. McShain
RANDOM/Cat. 2

**Jurisdiction by**
**Federal Question**
**18 USC §1964**
Violations of Racketeer
Influenced and
Corrupt Organizations

*DEMAND FOR*

*JURY TRIAL*

# COMPLAINT

Complaint, Brown v. CBS, p1

Plaintiff Kimberly Jean Brown, individually, and the Brown-Washington Trust, derivatively on behalf of Legacy Complete (collectively, "Plaintiffs"), demand a trial by jury on all issues so triable and, for their Complaint against Individual Defendants; Cody Barbo, Daniel Goldstein, Lila Goldston, Michael Greeby, Brian Lamb, Michelle W. Kelly Shannon, Dorothy Tucker Wilkins, Storm Vaske, Tony Wilkins, Erika Williams, and Corporate Defendants; CBS Broadcasting Inc; Grand Prix Printing, LLC; JP Morgan Chase Bank, N.A.; Standing Oak Ventures Partners; and TechStars Central LLC, allege the following:

## I. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 because Plaintiffsasserts claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §1962(a-d), and the Defense of Trade Secrets Act ("DTSA"), 18 USC 1836.

2. This Court has supplemental jurisdiction under 28 U.S.C. §1367 over Plaintiff's state-law claims including, but not limited, to malpractice, fraud, breach of contract, and breach of fiduciary duty.

3. Venue is proper in this District under 28 U.S.C. §1391

A. Because a substantial part of the events and omissions giving rise to these claims occurred in this District;

B. Because each defendant has sufficient minimum contacts within the State of Illinois, and this District, pursuant to due process and/or the Illinois Long Arm Statute; and/or,

C. Because each Defendant purposefully availed itself of the privileges of conducting business in the State of Illinois and in this District.

## II. PARTIES AND DERIVATIVE STANDING

4. Plaintiff Brown ("Brown") is a citizen of Illinois. Brown's address is 1026 E. 46th St, Unit 2E, Chicago, IL 60653.

5. Legacy Complete ("Legacy") is an administratively dissolved Nevada limited liability company. Legacy has not conducted business since 2017 and lacks funds to sue in its own name. Legacy's mailing address is the same as Brown's.

6. Plaintiff Brown-Washington Trust ("BW Trust") is organized under Illinois law, owns a majority interest in Legacy, and has assigned claim prosecution authority to Brown. In addition to asserting claims on her own behalf, Brown brings derivative claims on Legacy's behalf. Demand on Legacy is excused because Legacy is non-operational, financially unable to act,

and BW Trust controls a majority interest. BW Trust's mailing address is the same as Brown's.

7.  Defendant Cody Barbo ("Defendant Barbo") is an individual and is believed to be a citizen of either Texas or California. Defendant Barbo's home address is believed to be 6534 Oriole Dr., Dallas, TX 75209-5307. Defendant Barbo is a founder of Huge Legal Tech Co. which operates TrustAndWill.com.

8.  Defendant Daniel Goldstein ("Defendant Goldstein") is an individual and is believed to be a citizen of California or Texas. Defendant Goldstein's home address is believed to be 3321 Stanford Ave, Dallas, TX 73225.  Defendant Goldstein is a founder of Huge Legal Tech Co. which operates TrustAndWill.com.

9.  Defendant Lila Goldston ("Defendant Goldston") is an individual and a citizen of the State of Illinois or New York.  Defendant Goldston's home address is believed to be 88 E. Roosevelt Ave, Roosevelt, NY 11575.

10. Defendant Michael Greeby ("Defendant Greeby") is an individual and a citizen of Illinois. Defendant Greeby's home address is believed to be 1643 N. Humboldt Blvd, Apt 1, Chicago, IL 60647.

11. Defendant Brian Lamb ("Defendant Lamb" or "Lamb") is an individual and is believed to be a citizen of California. Defendant Lamb's home address is believed to be 7316 Woodhome Dr, Dallas, TX 75249. Defendant Lamb is believed to be a founder of Huge Legal Tech Co. which operates TrustAndWill.com.

12. Defendant William Kelly Shannon ("Defendant Shannon") is an individual and is believed to be a citizen of Illinois residing at 2817 S. Michigan Ave, Chicago, IL 60616.

13. Defendant Dorothy Tucker Wilkins ("Defendant Tucker Wilkins" or "Tucker Wilkins") is an individual and a citizen of Illinois believed to be residing at 5008 S. Blackstone, Chicago, IL 60615.

14. Defendant Storm Vaske ("Defendant Vaske" or "Vaske") is an individual and a citizen of Iowa believed to be residing at 2823 NW 34th Ln, Ankeny, IA 50023.

15. Defendant Tony Wilkins, also known as Anthony Wilkins, ("Defendant Wilkins" or "Wilkins") is an individual and a citizen of Illinois. Defendant Wilkins' home address is believed to be 5008 S. Blackstone, Chicago, IL 60615.

16. Defendant Erika Williams ("Defendant Williams" or "Williams") is an individual and a citizen of the state of California.

Defendant Williams' home address is believed to be 704 Pier
View Way, Oceanside, CA 920

17. Defendant CBS Broadcasting Inc ("Defendant CBS" or "CBS") is
a Delaware corporation and is registered as a foreign entity in
Illinois. Its registered agent in Illinois is Corporation Service
Company, 801 Adlai Stevenson Dr,, Springfield, IL 62703-4261.

18. Defendant Grand Prix Printing, LLC, ("Grand Prix") along with
its aliases, is an Iowa limited liability company that merged
with, and is the successor in interest to, Bellwether Creation
Company LLC ("Bellwether"), an Illinois limited liability
company which was voluntarily, administratively dissolved on or
about June 30, 2017. Collectively, Bellwether, Grand Prix, and
its aliases, are referred to as "Defendant Bellwether".
Defendant Bellwether's registered officer and office is Kent
Vaske, 4111 NE Bellagio Circle, Ankeny, Iowa 50021.

19. Defendant JP Morgan Chase Bank, N.A. ("Defendant JP Morgan
Chase" or "JP Morgan Chase") is a financial institution
incorporated under the laws of the State of New York. Its
registered agent is Corporation Trust Center, 1209 Orange
Street, Wilmington, New Castle County, Delaware 19801.

20. Defendant Standing Oaks Venture Partners ("Defendant
Standing Oaks") is a partnership organized under the laws of

Illinois and has its principal place of business at 222
Merchandise Mart Plaza, Suite 1212, Chicago, IL 60654.
Defendant Standing Oak's managing partner is Defendant
Wilkins.

21. Defendant TechStars Central LLC ("Defendant TechStars") is a
limited liability company organized under the laws of Delaware
and is registered as a foreign entity in Illinois. Its registered
agent in Illinois is: Corporation Service Company, 801 Adlai
Stevenson Dr,, Springfield, IL 62703-4261.

## III. STATEMENT OF FACTS

22. This complaint is related to 1:24-cv-13132, BW Trust v. Gartner;
1:25-cv-5629, Brown v. ServiceNow; both filed in the Northern
District of Illinois, and Brown v. Tucker McCann Group LLP
which is being filed in the District of Maryland. The facts from
the complaints for those matters are incorporated herein in by
reference. The timeline for facts in this matter is as follows:

23. 2013: Brown began designing an estate-planning software
platform in 2013. The first version of the software (the "App")
was built by a vendor not named in this suit.

24. 2013-2015: Brown created proprietary legal templates, decision-logic flows, data schemas, workflows, training materials, etc. for the software.

25. 2015: Legacy was formed and all intellectual property was transferred to it. First version of software was (App) developed.

26. January 2016: Legacy and Bellwether entered a written contract with Legacy to patch errors in the App ("Bellwether Contract"). It was soon determined that patching App was not advisable and rebuilding the App was the best option. Legacy and Bellwether, through its principals Greeby and Vaske, modified the Bellwether Contract to form a joint venture with Legacy (the "JV") to rebuild the App into the "Redesigned App."

27. Legacy agreed to contribute its trade secrets and intellectual property to the JV, including, specifications, templates, decision-trees, and business plan; Bellwether agreed to rebuild, launch, and provide tech support for the Redesigned App.

28. The JV terms and performance were memorialized in contemporaneous writings and emails. Legacy performed as agreed. Bellwether, Greeby and Vaske did not.

29. Mid–Late 2016: The Redesigned App was functionally complete and ready to launch. Within one week of the scheduled press release, Bellwether (through Greeby and Vaske) refused to

provide required support, refused to transition the software code to an alternate support provider identified by Plaintiffs, and ceased communications. Plaintiffs issued default notices which went unanswered.

30. 2017-2018: Brown obtained a default judgment against Bellwether. However, shortly before the default judgment was issued Bellwether merged with Grand Prix frustrating the collection of the judgment. Brown was not collected any of the judgment.

31. 2017–2018: A third-party platform was founded, launched and scaled software with distinctive features and commercial strategy overlapping Legacy's Software (see Exhibit A).

32. 2016–2023: Although Plaintiffs diligently searched for software similar to the Redesigned App, Plaintiffsdid not find anything similar. Plaintiffs experienced advanced persistent technical issues including but not limited to: blocked internet access, communication blackouts, device failure, repeatedly compromised credentials, blocked domain access.

33. In addition to technical issues, coordinated reputational and intimidation incidents impeded detection of the software and redress.

34. 2023: Plaintiffs did not become aware of the existence of the third party platform, TrustAndWill.com ("TrustAndWill"), or its alleged use of Legacy's software until 2023.

35. Plaintiffs discovered TrustAndWill had substantially similar platform's features, architecture, and messaging as the Redesigned App. In addition, there were additional corroborating facts indicating the Redesigned App was accessed, transferred, and commercialized without authorization, which account for the similarities in TrustAndWill.

36. Moreover, the domain-level branding choice, TrustAndWill, was the exact name Plaintiffs discussed with Defendant Wilkins during 2014–2015 mentoring meetings. Based on this and additional information, Plaintiffs concluded that Legacy's software was being operated without authorization as TrustandWill.com.

## IV. CLAIMS

37. **Count 1 — Civil RICO, 18 USC §1964** (Against: Each Defendant). Plaintiffs allege the following:

   A. **Association-in-fact enterprise**: the "Enterprise".

   B. **Members of Enterprise:** Gorman E. Brown, Cody Barbo, Daniel Goldstein, Lila Goldston, Michael Greeby, Brian

Lamb, Michelle Montgomery, William "Kelly" Shannon;
Dorothy Tucker Wilkins; Tony Wilkins, Erika Williams and
Storm Vaske.

C. **Conspirators named in this matter,** 18 USC §1962(d):
CBS; Grand Prix (Bellwether); JP Morgan Chase; Standing
Oaks; and TechStars Central.

D. **Conspirators named in related matters:** Scott Gartner;
Merit Law Group LLP, Adam Kingsley, Kingsley Law Group
P.C. John Koht, Kohmedia LLC. Huge Legal Technology Co
PBC, ServiceNow LLC, Omega Psi Phi Fraternity Inc., Tucker
McCann Group LLP, Charles Tucker, James D. Montgomery &
Associates.

E. **Structure:** A continuing association-in-fact with (a) a
common purpose; (b) relationships among those associated;
and (c) longevity sufficient to pursue the purpose.

F. **Common Purpose:**

1. To acquire, conceal, operate, and monetize Legacy's
Software and trade secrets without authorization;

2. To deprive Plaintiffs of the value, use, and market of those
assets;

3. To legitimize and scale the unauthorized operation through accelerator admission, media positioning, and institutional validation; and,

4. To obstruct detection, enforcement, and recovery by Plaintiffs.

G. **Relationships and Roles:**

1. **Bellwether, Greeby and Vaske**: JV partners with Legacy to develop Redesigned App, development control of Redesigned App, refused to launch/support Redesigned App, disabled the patched App during development of Redesigned App without authorization, unauthorized, withholding and diversion of Redesigned App's software code, provided unauthorized access to JV's assets, and transferred JV assets without authorization. **Predicate acts** include but are not limited to mail fraud, wire fraud, theft of trade secrets, transporting and receiving stolen goods over the interstate, computer fraud act.

2. **Barbo, Goldstein, Lamb:** Knowingly received, operated/ing, and commercialized/ing the Redesigned App's software code and derivatives thereto and additional Legacy/JV assets without authorization; fraudulent public positioning and investor engagement; rapid time-to-

market inconsistent with independent development; ongoing monetization of Legacy's/JV's asset. **Predicate acts** include but are not limited to: theft of trade secrets, transporting and receiving stolen goods over the interstate, computer fraud act, wire fraud.

3. **Shannon:** Contracted access for business development to Redesigned App; intentionally compromised networks to expose Legacy's credentials and devices; intentionally misrepresented fraudulent actions; brokered transfer of software code conversion. **Predicate acts** include but are not limited to: mail fraud, wire fraud, theft of trade secrets, transporting and receiving stolen goods over the interstate, computer fraud act.

4. **Goldston:** Coordination and manufacturing of misinformation and reputational tactics; assistance in facilitating or legitimizing access to protected materials. **Predicate acts** include but are not limited to: mail fraud, wire fraud, theft of trade secrets, transporting and receiving stolen goods over the interstate, computer fraud act.

5. **Tucker Wilkins and CBS:** Use of institutional resources to stage and record Plaintiffs in non-public interactions

and settings; conferring credibility to
reputational/intimidation efforts and enabling
concealment. **Predicate acts** include but are not limited
to: wire fraud, theft of trade secrets and computer fraud
acts.

6. **Wilkins and Standing Oaks:** Early branding and
positioning guidance to Plaintiffs was later mirrored in the
unauthorized commercialized platform; facilitation of
accelerator access; investor and ecosystem validation.
**Predicate acts** include but are not limited to: wire fraud,
theft of trade secrets, transporting and receiving stolen
goods over the interstate, computer fraud act.

7. **TechStars Central:** Knowledge of fraudulent origin of
software; admission, endorsement, resources, and
network access accelerating scale and further concealing
the origin of assets. **Predicate acts** include but are not
limited to: wire fraud, theft of trade secrets, transporting
and receiving stolen goods over the interstate, computer
fraud act.

8. **Williams, J.P. Morgan Chase**: Provision and use of
institutional premises and equipment for covertly
recorded staged meetings, lending institutional credibility

and facilitating concealment. **Predicate acts** include but are not limited to: wire fraud, theft of trade secrets.

H. **Longevity:** Racketeering activities began in 2015 through present.  Legacy's assets continue to be monetized without Legacy's authorization. Thus, the four-year limitation has not expired.

I. **Predicate Acts:** (Representative, Non-Exhaustive, by Timeframe and Role):

1. **2015–2016:** Network/device compromises in travel and event settings arranged by Shannon (with coordination from other members) to harvest Plaintiff's credentials, expose repositories, and exfiltrate information.

2. **Mid–2016 through 2017:** Electronic communications and coordinated phone calls among Bellwether, Greeby, Vaske and other Enterprise members: to disable the patched App; to provide access to unauthorized third parties to Redesigned App during development, to refuse to launch/support the Redesigned App; to deny transition to the third-party support provider identified by Plaintiffs; to broker unauthorized conversion of Redesigned App to unauthorized third parties; and to plan and transfer Redesigned App's code;

3. **Late 2017–2018**: Use of interstate wires and platforms: to receive and modify software code and transfer compensation for same; to solicit investment, admissions, and validation for derivative platform mirroring Legacy's protected architecture and offerings; to assert public statements claiming self-development and "built-by" narratives despite lack of estate-planning experience and compressed development timeline indicating prior possession/use.

4. **2018–2025:** Continued wire and digital communications to expand commercialization; onboarding of users; integration of additional modules; and continued concealment of provenance and chain-of-custody.

5. **2016–2025:** Reputational and intimidation incidents using institutional resources (CBS, J.P. Morgan Chase, Holiday Inn, etc.) to stage and record non-public interactions; dissemination of misleading narratives; interference with Plaintiffs' communications and mail; blocking domain access; and suppression of opposing narratives.

J. **Pattern of Racketeering Activity:** (18 USC §1962(a-d))

1. **Relatedness:** The acts were directed to a singular scheme: acquisition, concealment, operation, and monetization of Legacy's Software while obstructing Plaintiffs' discovery and recovery. The acts involved the Enterprise, its participants, the same victims, and similar methods.

2. **Continuity:** The acts began in 2015 and continue to present, constituting closed-ended continuity over multiple years and open-ended continuity given ongoing commercialization, validation, and concealment activities.

3. **Conduct of the Enterprise's Affairs:** Each named defendant participated, directly or indirectly, in Enterprise decisions, operations, and/or facilitation channels, including development control, access pathways, accelerator admission, media staging, institutional validation, and monetization logistics.

4. **Injury to Business or Property**: Loss of ownership use and control of Legacy's Software and trade secrets; lost launch and first-mover advantage; lost revenue, profits, and enterprise value; diversion of investment; and increased investigation and security costs.

5. **Plaintiffs seek treble actual damages,** fees, and equitable relief, including injunctive protections, accounting, disgorgement, and constructive trust.

## Count 2 - Fraud and Fraudulent Concealment (Against: Bellwether; Michael Greeby; Storm Vaske)

38. Plaintiffs allege Defendants Bellwether, Greeby and Vaske committed fraud, intentionally concealed material information and intentionally made misrepresentations including but not limited to:

A. **Who:** Greeby and Vaske, acting for themselves and for Bellwether.

B. **What:**

1. Intentionally misrepresented that they desired to launch Redesigned App with Legacy as JV partners;

2. Intentionally misrepresented that they would launch and provide post-launch support for the Redesigned App;

3. Intentionally misrepresented that the patched App would remain available while the Redesigned App was being developed, and later misrepresented that they disabled the patched App for legitimate technical reasons;

4. Intentionally misrepresented that code repositories and trade secrets were secure and not shared;

5. Concealed their goal in refusing to launch; concealed their goal in forming a joint venture, concealed that they were provisioning access to unauthorized third parties;

6. Concealed transfer of the software code and protected materials to unauthorized individuals.

C. **When:** Approximately March–September 2016 (calls, online meetings during the development of Redesigned App); September–December 2016 (post-default communications and silence despite repeated inquiries); 2017 (dissolution and merger events and withholding of code); 2017 (transfer of software code to unauthorized third parties.

D. **Where:** Emails and calls with Brown and Legacy's representatives; in-person meetings regarding launch logistics; written communications memorializing JV performance and go-live milestones; post-default notices sent to their known business addresses. Emails and calls with unauthorized third parties to coordinate the transfer of the software code and compensation regarding same.

E. **How:** Plaintiffs relied on the launch and support commitments to finalize content, defer compensation,

prepare marketing, and forego alternative development paths. Plaintiffs also relied on assurances of software code security and non-disclosure to continue providing trade secrets and specifications. Defendants' concealment delayed discovery, enabling diversion of the software code and misuse.

F. **Injury** includes loss of control and value of the software, lost revenues, increased costs, and reputational harm.

## Count 3 — Fraud and Fraudulent Concealment
(Against: Cody Barbo; Daniel Goldstein; Brian Lamb**)**

39. Plaintiffs allege Defendants Barbo, Goldstein and Lamb committed fraud, intentionally and fraudulently concealed material information and/or intentionally and fraudulently made misrepresentations including, but not limited to, the following:

A. **Who:** Barbo, Goldstein, and Lamb.

B. **What:** (a) Public and investor-facing statements asserting internal development and attorney-built software; (b) failure to disclose fraudulent acquisition or use of Legacy's protected materials (c) statements implying lengthy design/build processes inconsistent with their actual

compressed timeline; (d) representations to accelerators and partners that they owned all IP free of encumbrances.

C. **When:** August–December 2017 (pitch submissions, accelerator entry, public announcements); 2018–present (ongoing user growth, feature rollouts, and marketing claims).

D. **Where:** Online announcements, pitch materials, investor decks, accelerator applications, and platform marketing page

E. **How:** Plaintiffs were unable to discover the use of Legacy's materials and were impeded from asserting rights due to defendants' concealment and credibility conferred by public positioning, accelerator endorsement, and investor uptake.

F. **Injury includes** lost market, profits, and enterprise value.

**Count 4 — Fraud and Fraudulent Concealment** (Against: William "Kelly" Shannon)

37.    Plaintiffs allege Defendant Shannon committed fraud, intentionally and fraudulently concealed material information and intentionally and fraudulent made misrepresentations including, but not limited to, the following:

A. **Who:** Shannon.

B. **What:** (a) Entered a contractor/confidentiality engagement with Legacy while concealing his coordination of access environments that permitted credential exposure; (b) misrepresented urgent business development needs to justify travel and on-site work under his control; (c) persistently requested California-specific templates post-default to align with competing launch while concealing the competing commercialization; (d) brokering the transfer of the software code.

C. **When:** 2015–2017 (engagement, travel, and post-default solicitations).

D. **Where:** Emails and calls: arranging travel and access for on-site work locations where network control allowed device compromised; soliciting potential buyer for the software code.

E. **How:** Plaintiffs relied on Shannon's contractor role and confidentiality obligations; his misrepresentations enabled credential exposure and alignment of Legacy's work product with the competing launch.

F. **Injury includes** misappropriation, facilitation and direct economic loss.

**Count 5 — Fraud and Fraudulent Concealment** (Against: Goldston; Tucker Wilkins and CBS; Wilkins and Standing Oaks; Williams; TechStars Central; JP Morgan Chase)

38. Plaintiffs allege Defendants Goldston, Tucker Wilkins, CBS, Wilkins, Standing Oaks, Willams, Techstars Central, and JP Morgan Chase committed, or conspired to commit, fraud, concealed material information and made false misrepresentations including, but not limited to the following:

   A. **Who:** Goldston; Tucker Wilkins and CBS; Wilkins and Standing Oaks; Williams; TechStars Central; J.P. Morgan Chase.

   B. **What:** (a) Misrepresentations and omissions that staged or legitimized reputational and intimidation tactics (e.g., covertly recorded meetings presented as ordinary; unauthorized search and seizure at Holiday Inn); (b) omissions regarding conflicts and origins of the commercialized platform; (c) representations to confer validation (accelerator admission) that concealed provenance of the assets; (d) misstatements regarding privacy and recording at institutional premises; and/or (e) omissions and coordination to suppress detection (e.g., blocking access, tampering with communications).

C. **When:** 2016–2023 (specific events include staged meetings in 2016, accelerator admission in late 2017, media staging in 2017–2018, and ongoing concealment thereafter).

D. **Where:** Institutional premises, accelerator facilities, media platforms, emails and calls with Plaintiffs and/or third parties.

E. **How:** These acts provided cover and legitimacy for the misappropriation, deterred or delayed Plaintiffs' discovery, and diverted customers and investors.

F. **Injury includes** loss of market access, reputational harm, and increased costs.

**Count 6 — Misappropriation of Trade Secrets** (Against: Bellwether; Michael Greeby; Storm Vaske; Cody Barbo; Daniel Goldstein; Brian Lamb; William "Kelly" Shannon; Lila Goldston; Dorothy Tucker Wilkins; Tony Wilkins; Erika Williams; CBS; Standing Oaks; TechStars Central; JP Morgan Chase)

39. Plaintiffs allege the named Defendants misappropriated, or conspired to misappropriate, Plaintiffs' trade secrets including but not limited to:

A. **Trade Secrets misappropriated include** but are not limited to: Source code and build artifacts; decision-tree logic; legal templates and drafting matrices; schema/data models; workflows; product architecture and roadmap;

business plans; go-to-market strategy; client counseling process; pricing; contractor network design.

B. **Reasonable measures to prevent disclosure**: Plaintiffs took steps to prevent disclosure of trade secrets including but not limited to: Contractor and JV confidentiality commitments; restricted repository access; role-based disclosures; password-protected systems; segmented data; limited access for demonstrations.

C. **Misappropriation:** Unauthorized acquisition, disclosure, and use of trade secrets through (a) developers' provision of access and transfer to third parties; (b) network and device compromise in arranged environments; (c) cloning and modification of code and logic; (d) commercialization and scaling under a different brand;(e) suppressing detection; (f) hidden surveillance.

D. **Injury/Relief:** Diminution in value; unjust gains; lost licensing and profits; injunctive relief; return and verified deletion; forensic inspection; damages and fees; constructive trust.

**Count 7 — Breach of Joint Venture (Derivative)** (Against: Bellwether; Michael Greeby; Storm Vaske)

40. Plaintiffs allege Bellwether, Greeby and Vaske breached the Bellwether Contract and the JV Agreement.

    A. The parties modified the written Bellwether Contract to form the JV; JV terms were memorialized in correspondence.

    B. Legacy completed performance, Defendants did not. Defendants refused to launch/support Redesigned App; disabled the patched App without authorization; denied transition of software code to tech support team; unauthorized access/transfer of software code to unauthorized individuals; non-response to cure notices.

    C. **Injury/Relief:** Loss of venture value and profits; consequential damages; specific/equitable relief including return and deletion.

**Count 8 — tortuous Interference with Contract** (Against: Cody Barbo; Daniel Goldstein; Brian Lamb; William "Kelly" Shannon; Lila Goldston; Dorothy Tucker Wilkins; Tony Wilkins; Erika Williams; CBS; Standing Oaks; TechStars Central)

41. Plaintiffs allege named Defendants tortuously interfered, or conspired to interfere, with Bellwether Contract/JV Agreement:

    A. **Allegations:** The named Defendants:

        1. Were aware of Bellwether Contract and/or JV Agreement;

        2. Induced Bellwether, Vaske and Greeby not to perform;

3. Bellwether, Vaske and Greeby did not perform and instead facilitated the unauthorized access to and transfer of JV's trade secrets and software code;

4. Blocked software launch without justification.

B. **Injury/Relief:** Lost contract value; damages; equitable relief.

**Count 9 — tortuous Interference with Prospective Economic Advantage** (Against: Bellwether; Michael Greeby; Storm Vaske; Cody Barbo; Daniel Goldstein; Brian Lamb; William "Kelly" Shannon; Lila Goldston; Dorothy Tucker Wilkins; Tony Wilkins; Erika Williams; CBS; Standing Oaks; TechStars Central; JP Morgan Chase)

42. Plaintiffs allege named Defendants tortuously interfered, or conspired to interfere, with Plaintiffs' prospective economic advantage including, but not limited to:

A. **Expectancies:** The named Defendants' intentional actions prevented the launch of the ready-for-release Redesigned App:

1. which prevented customer acquisition and enterprise partnerships;

2. prevented subscription renewals;

3. thwarted first-mover advantage;

4. prevented payment of Brown's deferred compensation.

B. **Allegations:** The named Defendants actions caused disruption and usurpation of market and goodwill; conferral

of false legitimacy; reputational attacks and staged

encounters; suppression of detection.

C. **Injury/Relief:** Lost profits and valuation; damages; equitable

remedies.

**Count 10 — Unauthorized Access and Tampering** (Against:
Bellwether; Michael Greeby; Storm Vaske; Cody Barbo; Daniel
Goldstein; Brian Lamb; William "Kelly" Shannon; Lila Goldston;
Dorothy Tucker Wilkins; Tony Wilkins; Erika Williams; CBS; Standing
Oaks; TechStars Central)

43.     Plaintiffs allege the named Defendants committed, or

conspired to commit, the unauthorized access of Plaintiffs'

devices and accounts including, but not limited to:

A. **Allegations:** Unauthorized access to protected systems and

repositories; credential harvesting; device/network

compromise; exfiltration, alteration, deletion; blocking

domain access; remote surveillance and cloning.

B. **Injury/Relief:** Economic loss; incident response; business

interruption; damages; injunctive relief including

preservation and forensic remediation.

**Count 11 — Conversion and Receipt of Converted Property**
(Against: Bellwether; Michael Greeby; Storm Vaske, Cody Barbo;
Daniel Goldstein; Brian Lamb; William "Kelly" Shannon; Dorothy

Tucker Wilkins; Tony Wilkins; Erika Williams; CBS; Standing Oaks; TechStars Central; JP Morgan Chase)

44.     Plaintiffs allege Defendants committed or conspired to commit conversion and received stolen property:

A. **Property:** converted or received the patched App and/or the Redesigned App along with its source code; derivative builds; templates; repositories; documentation; trade secrets and associated confidential materials.

B. **Allegations:** The named Defendants knew Vaske and Greeby were not authorized to transfer code; Barbo, Goldstein and Lamb knowingly exercise wrongful dominion and control over software code and trade secrets; rebranded software to hide the theft and have been monetizing the converted software for seven years.

C. **Injury/Relief:** Return; damages equal to full value; disgorgement; constructive trust.

**Count 12 — Civil Conspiracy and Aiding-and-Abetting** (Against: All Defendants)

45. Plaintiffs allege:

A. **Allegations:** Defendants acted or conspired to act in concert to acquire, conceal, transfer, commercialize, and legitimize

unauthorized use; roles included development control, access enablement, accelerator admission, media staging, institutional validation, reputational tactics, and ongoing operation.

B. **Relief:** Joint and several liability for underlying torts; damages and equitable remedies.

**Count 13 — Negligence and Vicarious Liability** (Against: Bellwether; CBS; JP Morgan Chase; Standing Oaks; TechStars Central)

46. Plaintiffs allege the named Defendants committed or conspired to commit:

A. **Negligence:** Failure to implement and enforce oversight and conflict controls to prevent employees/agents from using corporate roles and resources to facilitate and conceal misconduct; negligent supervision/retention; ratification.

B. **Vicarious Liability:** Employees/agents acted within the scope of roles using employer platforms and resources to advance the scheme.

C. **Injury/Relief:** Damages; equitable remedies including compliance undertakings.

### Count 14 — Invasion of Privacy/Intrusion Upon Seclusion
(Against: JP Morgan Chase; CBS; Dorothy Tucker Wilkins; William "Kelly" Shannon; Erika Williams; Lila Goldston; Tony Wilkins)

47. Plaintiffs allege the named Defendants intruded, or conspired to intrude, on Plaintiffs' privacy:

    A. **Allegations:** Covert staging, recording, and/or streaming of professional meetings; misuse of institutional premises/equipment; deceptive "exposé"-style encounters; misuse of private data.

    B. **Injury/Relief:** General and special damages; injunction; surrender of illicit recordings; preservation of logs and chain-of-custody.

### Count 15 — Intentional Infliction of Emotional Distress (Against: All Defendants)

48. Brown alleges Defendants intentionally inflicted, or conspired to inflict, emotional distress on Brown:

    A. **Allegations:** Extreme and outrageous conduct intended to intimidate and humiliate Brown and deter legal action; orchestrated confrontations; reputational attacks; interference with communications and livelihood; persistent intimidation.

B. **Injury/Relief:** Severe emotional distress damages; punitive

damages; injunctive relief.


**Count 16 — Unjust Enrichment/Restitution** (Against: All
Defendants who received direct or indirect benefit)

49. Plaintiffs allege Defendants were unjustly enriched by Plaintiffs

efforts:

A. **Allegations:** Retention of benefits derived from

unauthorized possession and use of Legacy's Software and

trade secrets.

B. **Relief:** Restitution, disgorgement, accounting, constructive

trust.


# V. Damages, Equitable Relief, and Tolling

50.     Damages:

A. Actual, compensatory, consequential, and punitive damages

for;

1.  Lost profits and enterprise value;

2.  remediation and investigation costs;

3.  reputation/goodwill harm;

4.  Brown's unpaid and deferred compensation;

5.  fees and costs where permitted;

      6.  pre- and post-judgment interest.

   B.  Equitable Relief:

      1.  Declarations confirming Legacy's/JV's ownership;

      2.  Preliminary and permanent injunctions prohibiting use, access, transfer, or disclosure; immediate return and verified deletion of all copies; preservation orders for repositories, logs, devices, and communications; forensic accounting; disgorgement; constructive trust; compliance undertakings by corporate defendants.

51.    Tolling and Discovery Rule: Plaintiffs allege active concealment, tampering with access and communications, and discovery in 2023 despite diligence. Limitations and accrual were tolled by defendants' conduct.

## VI. Jury Demand

Plaintiffs demand trial by jury on all issues so triable.

## VII. Prayer for Relief

Plaintiffs request judgment against defendants, jointly and severally as appropriate, awarding the damages and equitable relief described above, together with costs, interest, and any further relief the Court deems just and proper.

Respectfully submitted,


/s/ Kimberly Jean Brown

Kimberly Jean Brown, JD
    individually and on behalf of BW Trust
Plaintiffs
1026 E. 46th St, Unit 2E
Chicago, IL 60653
(773) 673-0324
Kim@PrivacyGladiators.com

Date:  October 6, 2025

# PARTIES

**PLAINTIFFS**

Kimberly Jean Brown, JD,

Legacy Complete,

Brown-Washington Trust

1026 E. 46th St, Unit 2E

Chicago, IL 60653

Kim@privacygladiators.com

(773) 673-0324

**CORPORATE DEFENDANTS**

**CBS Broadcasting Inc.**

Registered Agent: Illinois Corporation Service Company

801 Adlai Stevenson Dr,, Springfield, IL 62703-4261

**Grand Prix Printing LLC**

Registered Agent: Kent Vaske,

4111 NE Bellagio Circle, Ankeny, Iowa 50021

**JP Morgan Chase Bank, N.A.**

Registered Agent:  Corporation Trust Center

1209 Orange Street

Wilmington, New Castle County, Delaware 19801

**Standing Oaks Venture Partners LP**

222 Merchandise Mart Plaza, Suite 1212, Chicago, IL 60654

Managing partner is Defendant Wilkins

Tony@standingoaksvc.com

**TechStars Central LLC**

Registered Agent: Illinois Corporation Service Company

801 Adlai Stevenson Dr,, Springfield, IL 62703-4261

**INDIVIDUAL DEFENDANTS**

**Cody Barbo**

Work address: 8605 Santa Monica Blvd, #40156, West Hollywood, CA 90069-1094 or, 961 West Laurel Street, San Diego, CA 92101

Home address is: 6534 Oriole Dr., Dallas, TX 75209-5307

**Daniel Goldstein**

Work address: 8605 Santa Monica Blvd, #40156, West Hollywood, CA 90069-1094 or 961 West Laurel Street, San Diego, CA 92101

Home address is: 3321 Stanford Ave, Dallas, TX 73225.

**Lila Goldston**

88 E. Roosevelt Ave

Roosevelt, NY 11575

**Michael Greeby**

1643 N. Humboldt Blvd , Apt 1, Chicago, IL 60647; or,

111 W. Polk St, Apt 813 , Chicago, IL 60605; or

200 N. Dearborn, Unit 1505, Chicago, IL 60601

**Brian Lamb**

1029 S. Cloverdale Ave, LosAngeles, CA 90019;

or 2814 Florentine Ct, Thousand Oaks, CA 91362;

or 7316 Woodhome Dr, Dallas, TX 75249.

**W. Kelly Shannon**

2817 S. Michigan Ave

Chicago, IL  60616

**Dorothy Tucker**

Work: CBS, 22 West Washington St, Chicago, IL 60602

Home: 5008 S. Blackstone, Chicago, IL 60615.

**Storm Vaske**

Work:  The Label Factory, 4111 NE Bellagio Circle, ANKENY, IA  50021, or,

1785 Guthrie Ave, Des Moines, IA 50316.

Home: 2823 NW 34th Ln, Ankeny, IA 50023

**Tony Wilkins**

Work: Standing Oaks Venture Partners, 222 Merchandise Mart Plaza, Suite 1212, Chicago, IL 60654.

Home: 5008 S. Blackstone, Chicago, IL 60615.

**Erika Williams**

704 Pier View Way

Oceanside, CA 92054

**RELATED CASES**

**Related Cases in ILND:**

0:24-cv-1220      Brown v. Montgomery, Honorable Judge Ellis presiding

1:24-cv-13132     BW Trust v. Gartner,  Honorable Judge presiding

1:25-cv-5629      Brown v. ServiceNow,  Honorable Judge Ellis presiding


Related Case in Cook County, IL

2023L03001        Brown v. Law Bulletin, Honorable Judge Kubasiak