**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| Kimberly Jean Brown, et al | ) | Case: 25-cv-12209 |
| Plaintiffs | ) | |
| vs. | ) | Honorable Judge Martha M. Pacold |
| | ) | |
| CBS News and Stations, et al | ) | |
| Defendants | ) | |

**PLAINTIFF KIMBERLY JEAN BROWN'S MOTION FOR IMMEDIATE CONSIDERATION TO CONFIRM APPEARANCE AND REQUEST STAY**

Plaintiff Kimberly Jean Brown ("Ms. Brown") respectfully moves this Court to (1) confirm that Ms. Brown continues as pro se plaintiff for her individual claims only, (2) withdraw and terminate any purported appearance on behalf of the Brown-Washington Trust (the "Trust") (including any reliance on assignee authority or trust authorization and (3) request to stay proceedings as to the Trust for 60 days to permit retention of counsel.

**Introduction**

Plaintiff Kimberly Jean Brown respectfully moves for an order confirming that she remains a plaintiff in this action in her individual capacity and is proceeding pro se as to her own claims.

Ms. Brown previously purported to act as assignee of the Trust's right to prosecute the Trust's derivative claim. However, a recent judgment entered against Ms. Brown disqualifies Ms. Brown from being an assignee under the Trust's provisions.

1

Ms. Brown requests an order clarifying that she is not appearing on behalf of Plaintiff Brown-Washington Trust (the "Trust"), and withdrawing/terminating any prior or purported appearance, prosecution, or representation for the Trust to the extent any filing could be construed that way.

Because the Trust must retain counsel, Ms. Brown requests a brief stay of proceedings, as to the Trust only, for 60 days, solely to permit the Trust to retain counsel.

This motion is filed instanter because it seeks immediate clarification of party status and representation in order to prevent improper prosecution of claims, avoid potential dismissal or sanctions, and promote efficient case management. The motion is procedural in nature and does not address the merits of any claim or defense.

**Background**

1. This action was filed on or about October 6, 2025 naming Ms. Brown as an individual plaintiff and the Trust as a derivative plaintiff.

2. Ms. Brown is a natural person and a licensed Illinois attorney. Ms. Brown continues to prosecute her own claims in this matter pro se. Ms. Brown is awaiting a ruling on her IFP application.

3. Ms. Brown is the trustee of the Trust. On or about December 20, 2024, the Trust purported to assign to Ms. Brown the Trust's right to prosecute the Trust's claims acting in Ms. Brown's individual capacity.

2

4. For the limited purpose of perfecting the assignment to prosecute the Trust's claims in her individual name, the Trust purported to authorize Ms. Brown to cure any court-identified deficiencies necessary to effectuate the assignment. The Court did not identify any deficiencies.

6. On or about January 27, 2026, a mandate issued for a judgment against Ms. Brown in Brown v. Montgomery, 20-cv-4893 (N.D.IL.) .

7.  The existence of a judgment against Ms. Brown invalidates Ms. Brown's ability to serve as assignee for the Trust based on the Trust's requirement that assignees be judgment-free.  Ms. Brown therefore withdraws any reliance on assignee authority to prosecute any claim on behalf of the Trust.

**Argument**

**I. Ms. Brown Shall Proceed on Her Own Claims and Will Not Appear for the Trust**

Ms. Brown requests acknowledgment from the Court that Ms. Brown proceeds pro se for her own individual claims and that Ms. Brown is not appearing for the Trust.

Because of the judgment issued against Ms. Brown, Ms. Brown is no longer the assignee of the Trust's right to prosecute. As such, Ms. Brown cannot represent the Trust's interest without filing an attorney appearance for the Trust, which Ms. Brown does not intend to do.

The Trust is unrepresented and seeking counsel.

3

**II. Any Purported Appearance or Prosecution on Behalf of the Trust Is Withdrawn/Terminated**

To the extent any pleading, signature, verification, motion, or other filing could be construed as Ms. Brown acting for the Trust, Ms. Brown withdraws and terminates any such purported appearance or prosecution on behalf of the Trust and requests the Court's confirmation that the Trust may proceed once counsel has been retained.

**III. A Limited 60-Day Stay as to the Trust Is Appropriate to Permit Retention of Counsel While Keeping the Trust as a Named Plaintiff**

Because the Trust must proceed through counsel, a short stay limited to the Trust, will promote efficient case management by allowing counsel to appear without forcing immediate dismissal of the Trust or creating avoidable motion practice.

Ms. Brown requests that the stay apply only to the Trust, and that Ms. Brown's individual claims proceed on a schedule the Court deems appropriate.

**Request for Relief**

Ms. Brown respectfully requests that the Court enter an order:

1. Confirming that Ms. Brown remains a plaintiff in her individual capacity and may proceed pro se solely as to her own claims pursuant to 28 U.S.C. § 1654;

4

2. Clarifying that Ms. Brown does not appear on behalf of the Trust, and deeming withdrawn/terminated any purported appearance, representation, or prosecution of claims on behalf of the Trust to the extent any docketed filing could be construed that way;

3. Staying proceedings, as to the Trust only, for 60 days solely to permit the Trust to retain counsel;

4. Keeping the Trust as a named derivative plaintiff during the stay, and setting a status hearing promptly after the stay expires for counsel to enter an appearance on behalf of the Trust (or for the Trust to report on retention efforts);

5. Granting such other and further relief as the Court deems just and proper;

6.  Granting immediate consideration of this motion.


Respectfully submitted,


/s/ Kimberly Jean Brown
 Kimberly Jean Brown, JD
 Plaintiff, pro se (individual capacity only)
1026 E. 46th St, Unit 2E, Chicago, IL 60653
Kim@PrivacyGladiators.com
773-673-0324

Dated: January 29, 2026

5