

 

FILED
5/26/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

GRAND PRIX PRINTING, LLC
2201 Rittenhouse Street
Des Moines, IA 50321
515-971-0068
kjvaske@gmail.com
Defendant, Pro Se

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KIMBERLY JEAN BROWN, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> CBS BROADCASTING INC., et al., <br><br> Defendants. <br><br> Assigned to the Honorable Judge Martha M. Pacold | Case No. 25-cv-12209 <br><br> **DEFENDANT GRAND PRIX PRINTING, LLC'S MOTION FOR EXTENSION OF TIME TO ANSWER OR OTHERWISE RESPOND** |

COMES NOW Defendant Grand Prix Printing, LLC, appearing pro se through its sole member while actively seeking licensed Illinois counsel, and respectfully moves this Court pursuant to Federal Rule of Civil Procedure 6(b)(1)(A) for a 30-day extension of time to answer or otherwise respond to Plaintiffs' Complaint. In support thereof, Defendant states as follows:

### INTRODUCTION

1. Grand Prix Printing, LLC is a small business entity that was served with Plaintiffs' Complaint on or about May 12, 2026. Its current deadline to answer or otherwise respond is June 2, 2026. Defendant respectfully requests a 30-day extension of that deadline to and including July 2, 2026.

2. Good cause exists for this extension. The allegations in this case involve complex federal racketeering claims under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. sections 1961 et seq. The complexity of these claims, combined with a specific jurisdictional barrier to retaining counsel that Defendant has encountered and is actively working to resolve, constitutes good cause under Rule 6(b)(1)(A).

## PROCEDURAL BACKGROUND

3. Defendant Grand Prix Printing, LLC was served with the Complaint in this action on or about May 12, 2026. Defendant's deadline to answer or otherwise respond is currently June 2, 2026.

4. This is Defendant's first request for an extension of time. No prior extensions have been sought or granted in this matter as to this Defendant.

5. On May 24, 2026, Defendant served a written notice upon Plaintiff Kimberly Jean Brown pursuant to Federal Rule of Civil Procedure 11(c)(2), identifying specific factual deficiencies in the claims asserted against Grand Prix Printing, LLC and requesting that Plaintiff voluntarily dismiss those claims. The 21-day safe harbor period under Rule 11(c)(2) does not expire until June 14, 2026.

## GOOD CAUSE FOR EXTENSION

6. Plaintiffs' Complaint asserts federal RICO claims under 18 U.S.C. sections 1961 et seq., among other complex federal allegations. These are among the most technically

demanding claims in federal civil litigation, requiring careful analysis of predicate acts, enterprise elements, and pattern requirements. A response to such claims requires the assistance of qualified legal counsel.

7. Defendant is a small Iowa-based business entity. Upon receipt of the Complaint, Defendant immediately contacted legal counsel with whom it has existing professional relationships in Iowa, specifically Patterson Law Office and Brown Winik Law, both of Iowa.

8. Both Iowa law firms, after reviewing the matter, advised Defendant that the nature of this federal proceeding venued in the Northern District of Illinois requires retention of an Illinois-licensed attorney. Neither firm was able to enter an appearance on Defendant's behalf in this jurisdiction.

9. Following that advice, Defendant promptly contacted Taft Law, a firm with Illinois licensure, and is currently awaiting confirmation of representation. Defendant has made this contact in good faith and is actively pursuing retention of Illinois counsel as expeditiously as possible.

10. Defendant has therefore made diligent, documented efforts to secure legal representation, including consulting two law firms with which it has prior professional relationships, receiving specific advice regarding Illinois licensure requirements, and promptly contacting Illinois-licensed counsel in response. These efforts demonstrate good faith and diligence, not delay.

11. The requested 30-day extension, to and including July 2, 2026, would also allow the Rule 11(c)(2) safe harbor period to run its full course. That period closes on June 14, 2026. If Plaintiff voluntarily dismisses the claims against Grand Prix Printing, LLC before that date, no response from this Defendant will be necessary, and judicial resources will be conserved accordingly.

## LACK OF PREJUDICE TO PLAINTIFFS

12. Granting this extension will not prejudice Plaintiffs. This is a multi-defendant action involving numerous parties. The case is in its early stages. No scheduling order has been entered, no discovery has commenced, and no trial date has been set.

13. A 30-day extension of one defendant's answer deadline will not delay the overall progression of this litigation in any meaningful way, particularly where other defendants may be operating on different response timelines.

14. By contrast, denying the extension would significantly prejudice Defendant, a small business entity that has acted in good faith, faces complex federal allegations, and has encountered a genuine and documented jurisdictional barrier to retaining local counsel.

## ARGUMENT

GOOD CAUSE EXISTS UNDER FEDERAL RULE OF CIVIL PROCEDURE 6(b)(1)(A) TO GRANT THE REQUESTED EXTENSION.

15. Federal Rule of Civil Procedure 6(b)(1)(A) provides that a court may, for good cause, extend the time for a party to act when the request is made before the original deadline expires. The good cause standard is satisfied where the moving party demonstrates diligence and a legitimate reason for the requested extension. See Brosted v. Unum Life Ins. Co. of Am., 421 F.3d 459, 463 (7th Cir. 2005).

16. Courts within the Seventh Circuit routinely find good cause to extend response deadlines where a defendant is pro se, faces complex federal claims, and is actively working to secure counsel. The combination of RICO's technical complexity, Defendant's good-faith efforts to retain counsel, and the documented jurisdictional barrier it has encountered plainly satisfies the good cause standard.

17. Defendant is a pro se litigant in a case asserting federal RICO claims alongside other complex allegations. Pro se status, standing alone, does not constitute good cause. However, pro se status combined with diligent efforts to retain counsel, a documented jurisdictional barrier to doing so, and the inherent complexity of the claims asserted collectively establish good cause well beyond what Rule 6(b)(1)(A) requires.

18. Defendant contacted two existing law firm relationships immediately upon service. Both firms confirmed they could not appear in this jurisdiction and directed Defendant to seek Illinois counsel. Defendant then promptly contacted Taft Law in Illinois and is awaiting a response. This sequence of events demonstrates exactly the kind of diligence that satisfies the good cause standard.

19. Additionally, the pending Rule 11(c)(2) safe harbor period provides independent grounds supporting the extension. Defendant served a properly documented safe harbor notice on May 24, 2026, identifying specific factual deficiencies in the claims against it. That period does not close until June 14, 2026. Granting a 30-day extension allows that process to run its course. If Plaintiff acts on the notice and dismisses the claims against Grand Prix Printing, LLC, the Court will have no need to process a response from this Defendant at all. Granting the extension is therefore consistent with judicial economy.

20. This motion is made before the expiration of the current deadline of June 2, 2026, in full compliance with Rule 6(b)(1)(A). No prior extensions have been requested.

**CONCLUSION**

**WHEREFORE, Defendant Grand Prix Printing, LLC respectfully requests that this Court grant a 30-day extension of time to and including July 2, 2026, for Defendant to answer or otherwise respond to Plaintiffs' Complaint, and for such other and further relief as this Court deems just and proper.**

Respectfully submitted,

Grand Prix Printing, LLC

By: _____

Kent Vaske

Sole Member, Pro Se

2201 Rittenhouse Street

Des Moines, IA 50321

515-971-0068

kjvaske@gmail.com

Date: May 25, 2026

_____

## CERTIFICATE OF SERVICE

I hereby certify that on May 25, 2026, a true and correct copy of the foregoing Motion for Extension of Time to Answer or Otherwise Respond was served upon the following party by EMAIL (Kimberly Brown): kim@privacygladiators.com

Kimberly Jean Brown, Pro Se Plaintiff

1026 E. 46th St, Unit 2E

Chicago, IL 60653

email: kim@privacygladiators.com

_____

Grand Prix Printing, LLC, Pro Se

_____

## AI DISCLOSURE CERTIFICATION

Generative artificial intelligence (Prosei AI powered by Claude Opus 4.6) was used in the preparation of this filing. The undersigned certifies that all factual assertions, legal authority, and citations have been independently reviewed and verified for accuracy.

_____

Grand Prix Printing, LLC, Pro Se