**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS – EASTERN DIVISION**

| | |
|---|---|
| KIMBERLY JEAN BROWN, individually, and BROWN-WASHINGTON TRUST, derivative Plaintiff on behalf of Legacy Complete,<br><br>Plaintiffs,<br><br>v.<br><br>CBS BROADCASTING INC., GRAND PRIX PRINTING, LLC, JP MORGAN CHASE BANK, N.A., STANDING OAKS VENTURE PARTNERS, AND TECHSTARS CENTRAL LLC, CORY BARBO, DANIEL GOLDSTEIN, LILA GOLDSTON, MICHAEL GREEBY, BRIAN LAMB, W. KELLY SHANNON, DOROTHY TUCKER WILKINS, STORM VASKE, TONY WILKINS, ERIKA WILLIAMS,<br><br>Defendants. | Case No. 25-cv-12209<br><br>Honorable Martha M. Pacold<br><br>Magistrate Judge Heather K. McShain |

Plaintiffs continue to beat a long-dead horse in their response to CBS's motion to dismiss. Plaintiffs mount only a cursory defense of the Complaint itself, pointing the Court to lengthy pleadings and an appellate brief from other litigation while perfunctorily asking for leave to replead. No amendment can bring Plaintiffs' allegations regarding CBS's conduct, which date back to 2016-17, within any applicable limitations period. Plaintiffs do not dispute many of CBS's arguments, including the applicable statutes of limitations. CBS requests that the Court end this meritless litigation by dismissing Plaintiffs' flawed and stale claims with prejudice.

## I.      PLAINTIFFS' CLAIMS ARE ALL TIME-BARRED

Plaintiffs' claims against CBS are based only on factual allegations dating to 2016 and 2017, no applicable limitations period is longer than five years, and this action was filed in 2025. (ECF No. 76, CBS Mem. at 5-8.) Plaintiffs do not contest the applicable statutes of limitations or

the pleaded 2016-2017 accrual dates, so the only remaining question is whether the discovery rule can save their claims — and it cannot.

Plaintiffs misstate the standard for the Court to apply to their arguments, framing it as an inquiry into whether "the face of the pleadings conclusively establishes untimeliness." (Resp. at 2.) That is not a correct statement of the applicable legal standard. Because the Complaint itself establishes that Plaintiffs' claim is untimely, Plaintiffs have "pleaded [themselves] out of court." *Cancer Found., Inc. v. Cerberus Capital Mgmt., LP*, 559 F.3d 671, 674 (7th Cir. 2009) (Opening Mem. at 5). Although the statute of limitations is an affirmative defense, a complaint in which the allegations themselves establish untimeliness cannot survive unless plaintiff also pleads facts sufficient to overcome the limitations bar. *See id.* at 674-75. To invoke the discovery rule, Plaintiffs must plead facts showing that they "neither knew nor, in the exercise of due diligence, could reasonably have known of the offense." *In re Copper Antitrust Litig.*, 436 F.3d 782, 791 (7th Cir. 2006); *see also Logan v. Wilkins*, 644 F.3d 577, 582 (7th Cir. 2011) ("A bare allegation of fraudulent concealment, without more, will not save the claim.").

Two slightly different versions of the discovery rule apply here (state and federal), but the differences are not material – Plaintiffs satisfy neither. For Plaintiffs' federal civil RICO claims, the limitations period runs from Plaintiffs' discovery of their alleged injury; it does not restart with each new alleged predicate act, and it does not wait for Plaintiffs to appreciate the broader pattern. *See Rotella v. Wood*, 528 U.S. 549, 554-59 (2000); *Klehr v. A.O. Smith Corp.*, 521 U.S. 179, 187 (1997). For Plaintiffs' state law claims, the Illinois discovery rule delays accrual until the plaintiff knows or reasonably should know both of the injury and that it was wrongfully caused; but a plaintiff who "failed to discover the full extent of her injuries before the statute of limitations expired" cannot benefit from the rule. *See Hollander v. Brown*, 457 F.3d 688, 693 (7th Cir. 2006).

Plaintiffs meet none of these standards. They generically invoke a tolling argument, but do not identify what specific fact concerning CBS was concealed, how CBS concealed anything, what diligence was directed at uncovering CBS-attributable conduct, or when they supposedly discovered any CBS-attributable wrong. (*See* Compl. at 11, ¶ 32 ("Plaintiffs diligently searched"); *id.* at 35, ¶ 51 ("Limitations and accrual were tolled by defendants' conduct").) Plaintiff Brown concedes that she was on inquiry notice of claims relating to the software as of 2017. (Resp. at 5.) The vaguely alleged later "discoveries" concern alleged violative software and statements by an attorney not affiliated with CBS. (Resp. at 5-6.)

Plaintiffs' principal tolling argument — that Plaintiff Brown made discoveries in 2020 and 2023 that "altered her understanding of the alleged captured video footage and related false narratives" (Resp. at 5) — fails under both standards. As to Plaintiffs' state-law claims, this is precisely the kind of later-appreciation argument that *Hollander* rejects: Plaintiffs, who allegedly observed the underlying events in 2016 and 2017 and were actively investigating their circumstances by no later than 2017, cannot revive their claims by later reinterpreting what they already knew. *Hollander*, 457 F.3d at 693 (holding that plaintiff who "failed to discover the full extent of her injuries before the statute of limitations expired" could not benefit from discovery rule). As to the RICO claims, Plaintiffs' argument is a repackaged pattern-discovery theory of the sort *Rotella* and *Klehr* foreclose: those cases hold that the limitations clock runs from injury discovery, not from a plaintiff's subsequent appreciation of the alleged pattern. *See Rotella*, 528 U.S. at 554-59 (rejecting "injury and pattern discovery" accrual rule for civil RICO and holding that "discovery of the injury, not discovery of the other elements of a claim, is what starts the clock"); *Klehr*, 521 U.S. at 187 (rejecting "last predicate act" rule as creating "a longer limitations period than Congress could have contemplated"). Thus, neither of the only two cases

3

Plaintiffs cite (*see* Resp. at 14) supports the tolling theory they ask the Court to adopt; both hold the opposite.

Plaintiffs ask the Court to extend their limitations period indefinitely based on their assertion that something occurred at "some unknown later point" (Resp. at 9) to unknown recipients, with unknown content, causing unknown harm. Plaintiffs are wrong on the law and do not allege facts that overcome the applicable statutes of limitations. To the extent Plaintiffs suggest that leave to amend could cure their limitations problem (*see* Resp. at 14), it cannot, for the reasons discussed in Section II.D below.

## II.    PLAINTIFFS FAIL TO STATE ANY CLAIM AGAINST CBS

As CBS argued in the Opening Memorandum, Plaintiffs have not stated a claim against CBS even if the Court accounts for Plaintiffs' allegations in the other actions they seek to "incorporate[ ]" (Resp. at 8, ¶ 22). In their Response brief, Plaintiffs do more to confirm the Complaint's defects rather than remedy those defects. Their RICO discussion is conclusory and unmoored from the operative pleading, and Plaintiffs' state-law arguments either concede dismissal or repackage the same unpleaded theory.

### A.    Plaintiffs' Conclusory Argument Does Not Save Their RICO Claim

Plaintiffs discuss their RICO claim only in a cursory, summary fashion. (*See* Resp. at 6-8.) They recite the elements, assert in conclusory terms that their allegations satisfy those elements, and cite cases without applying them to the Complaint. Most of the substantive RICO defects that CBS identified in the Opening Memorandum go entirely unaddressed. Specifically, Plaintiffs either do not address, or do not address with any specificity:

- CBS's argument that the RICO claim violates Federal Rule of Civil Procedure 9(b) because of "group pleading" (*see* CBS Mem. at 9);

- the "high standard of plausibility" required to allege a sprawling, 15-defendant, decade-long conspiracy (*see id*. at 9);

- enterprise and pattern pleading requirements (*see id*. at 10);

- the requirement to plead that each defendant knew about the alleged conspiracy (*see id*. at 11);

- that reputational injury is not a RICO injury (*see id*. at 11);

- CBS's argument that Plaintiffs' key allegations regarding CBS-attributed conduct are pleaded on belief, without any allegation of the basis for that belief (*see id*. at 5); and

- CBS's core argument that the CBS-attributed events — filming in a public courthouse, and bank surveillance cameras — have no coherent connection to Plaintiffs' allegations regarding software and business development (*see id*. at 10).

Each unopposed argument independently supports dismissal.

Plaintiffs invoke *Reves v. Ernst & Young*, 507 U.S. 170 (1993), and *Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451 (2006), but neither supports their claim. (Resp. at 7-8.) Plaintiffs cite *Reves* to argue that Plaintiffs "need not prove the full scope of management authority at the pleading stage" (*Id*. at 7), but Plaintiffs have not plausibly pleaded any operation or management by CBS at all (*see* CBS Mem. at 10). Plaintiffs cite *Anza* (Resp. at 7-8), which holds that a one-step causal chain was too attenuated. 547 U.S. at 458-61 (finding that the link between defendant's tax evasion yielding lower prices to the detriment of plaintiff's sales was too attenuated to satisfy proximate causation). Plaintiffs' allegations are far *more* attenuated and speculative than the allegations at issue in *Anza*. Plaintiffs allege that footage was edited by unidentified parties, then circulated to unidentified parties by unidentified parties, then some unidentified parties spread false information, then the ensuing reputational damage somehow

5

affected Plaintiffs' ability to detect a software theft scheme. Plaintiffs' case law citations do not support Plaintiffs' outlandish theories.

Plaintiffs' unaddressed concessions and unsupportive authority do not support RICO claim; it should be dismissed.

**B.** **Plaintiffs Do Not Show How Their Disjointed Allegations State A Claim Under State Law**

1. Plaintiffs' privacy theory is not tied to any pleaded CBS conduct (Count 14).

Plaintiffs have not stated a claim for invasion of privacy by intrusion upon seclusion. Plaintiffs concede that the Daley Center hallway is "generally public," which removes it as a basis for an intrusion claim. (Resp. at 12; CBS Mem. at 11-12.)

Plaintiffs state that their "privacy theory centers primarily on the alleged Chase Meeting footage and the alleged resulting investigative video" (Resp. at 12), but those allegations are not tied to CBS. Plaintiffs do not allege that any CBS employee or CBS equipment was present at the Chase Meeting. They alleged in the *ServiceNow* complaint that they came to "believe[ ]" that surveillance cameras were "not only recording but also streaming" (CBS Mem. Ex. A at 107, ¶ 256(I)), but they do not allege the basis for that belief, who received any stream, or CBS's involvement. Plaintiffs allege that the Chase Meeting was an unremarkable meeting between Plaintiff Brown and an estate planning client where "everything went smoothly," and Plaintiffs provides no basis for the alleged belief, beginning in 2023, that CBS was somehow involved. (*See* CBS Mem. Ex. A at 105-107, ¶ 256(A)-(J).) Similarly, Plaintiffs argue that there was some "resulting investigative video," but their allegations on that point consist of statements of belief, not allegations of fact. (*See* CBS Mem. Ex. A at 107, ¶ 257.) The Court should dismiss Count 14.

2.      Plaintiffs effectively abandon Counts 6, 9, 12, and 13.

For each of Counts 6 (misappropriation of trade secrets), 9 (tortious interference with prospective economic advantage), 12 (civil conspiracy and aiding and abetting), and 13 (negligence and vicarious liability), Plaintiffs do not address CBS's specific arguments in the Opening Memorandum except in cursory, conclusory, and summary terms. For each count, Plaintiffs offer a nearly identical, generic statement that the pleading is adequate, coupled with a boilerplate alternative request that any dismissal be without prejudice. (*See* Resp. at 9-12.) Under *Iqbal* and *Twombly*, that is not enough to defeat CBS's motion, and these counts should be dismissed on the merits.

3.      Plaintiffs concede dismissal of Counts 8, 10, 11, 15, and 16.

Plaintiffs are more explicit in their Response regarding Counts 8 (tortious interference with contract), 10 (unauthorized access and tampering), 11 (conversion and receipt of converted property), 15 (intentional infliction of emotional distress), and 16 (unjust enrichment and restitution): they state that they do not oppose dismissal, yet they request that the dismissal be without prejudice. (Resp. at 15.)

Plaintiffs' workaround – asking the Court to dismiss five counts without prejudice – is contrary to the spirit if not the precise letter of Federal Rule of Civil Procedure 41(a)(1)(B). Plaintiffs previously voluntarily dismissed an action against CBS based on and including the same claim, in *Brown v. ServiceNow*, No. 1:25-cv-05629 (ECF No. 52, Oct. 6, 2025). Rule 41(a)(1)(B) provides that a second notice of voluntary dismissal of the same claim "operates as an adjudication on the merits." Here, Plaintiffs have not filed a notice of dismissal but instead ask the Court to dismiss five counts of the Complaint, and they seek to avoid the operation of Rule 41(a)(1)(B) by requesting that the dismissal be without prejudice.

The purpose of Rule 41(a)(1)(B) is "to prevent an unreasonable use of the plaintiff's unilateral right to dismiss an action prior to the defendant's responsive pleading." *Dvorak v. Granite Creek GP Flexcap I, LLC*, No. 16-cv-9996, 2017 U.S. Dist. LEXIS 25211, at *9 (N.D. Ill. Feb. 23, 2017) (quoting *Poloron Prod., Inc. v. Lybrand Ross Bros. & Montgomery*, 534 F.2d 1012, 1017 (2d Cir. 1976)). Plaintiffs' request runs directly counter to that purpose, and Plaintiffs seek to needlessly prolong litigation against a party against which they have no valid claim. CBS requests that the Court dismiss Counts 8, 10, 11, 15, and 16 with prejudice.

### C. Plaintiffs Do Not Argue that the Plaintiff Trust Is A Proper Party

Plaintiffs do not address, and thus concede, that Plaintiff Brown-Washington Trust is not a proper party. (*See* CBS Mem. at 12-13.) All claims purportedly brought by Plaintiff Brown-Washington Trust should be dismissed.

### D. CBS Requests Dismissal With Prejudice

Plaintiffs' Response is directed less to defeating CBS's motion than to shaping the terms of dismissal — namely, by repeatedly requesting that dismissal be without prejudice. The Response contains approximately 20 such requests, yet Plaintiffs present no basis to allow repleading and do not identify any specific factual addition they would make in an amended pleading.

Plaintiffs repeatedly incorrectly cite *Foman v. Davis*, 371 U.S. 178 (1962), as a one-way ratchet toward leave to amend. In fact, *Foman* identifies grounds for denial of leave that are triggered here: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." 371 U.S. at 182. All these factors are present here.

Futility. The Court should not permit repleading, because any amendment would be futile, for all the reasons argued in CBS's motion. (*See* CBS Mem. at 13.) Plaintiffs request leave to amend to "plead with greater specificity: the 2020 and 2023 discoveries, the alleged use or circulation of footage, or the way those facts altered Plaintiff's understanding of CBS's role" (Resp. at 14), but the "discoveries" Plaintiffs describe concern other defendants, not timely CBS conduct. (*See* CBS Mem. Ex. A at 103, ¶ 255(I) (alleging 2020 "discovery" regarding a conversation Plaintiff Brown overheard in the Daley Center, not regarding CBS's conduct); CBS Mem. Ex. A at 82-84, ¶¶ 220-237 (alleging 2023 "discovery" regarding TrustAndWill.com, a website unrelated to CBS).)

To the extent Plaintiffs suggest that discovery in this case might supply the CBS-specific facts they have not been able to plead in eight years, that inverts the pleading standard. Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions," *Iqbal*, 556 U.S. at 678-79, and RICO defendants in particular "should not be put to the expense of big-case discovery on the basis of a thread-bare claim," *Limestone Dev. Corp. v. Vill. of Lemont*, 520 F.3d 797, 803 (7th Cir. 2008). The Court should therefore deny leave to amend as futile.

Repeated failure to cure deficiencies. Plaintiffs have filed numerous actions based on the same core of allegations (*see* CBS Mem. at 2, 13-14), to such an extent that the Executive Committee of this Court has imposed pre-filing review on Plaintiff Brown. *In re Kimberly J. Brown*, No. 1:26-cv-01674 (N.D. Ill.), ECF No. 1. Plaintiffs voluntarily dismissed these same claims against CBS News in the *ServiceNow* action. *Brown v. ServiceNow, Inc.*, No. 1:25-cv-05629 (N.D. Ill.), ECF No. 52. This record thus reflects "repeated failure to cure deficiencies." *Foman*, 371 U.S. at 182.

Bad faith and dilatory motive. Plaintiffs' litigation strategy reveals dilatory motive. Plaintiffs previously voluntarily dismissed claims against CBS in the *ServiceNow* action, refiled them in this case, and now seek an opportunity to replead and relitigate the same claims. Plaintiffs seek to keep their claims perpetually alive rather than to resolve them on the merits.

Undue delay. This action has been pending since October 6, 2025. The *ServiceNow* complaint was filed May 20, 2025. Plaintiffs chose not to amend their Complaint when that option was available under Federal Rule of Civil Procedure 15(a)(1). Now more than nine months have passed since the Complaint was filed, CBS's motion has been filed and fully briefed, and Plaintiffs still have not identified a single new factual allegation that would revive their stale and faulty claims. If Plaintiffs had additional facts to plead, they would have done so, and CBS requests that the Court prevent further delay in this meritless action.

Prejudice to CBS. Plaintiffs' request to amend is untethered to any specific factual proposal and would require CBS to address a moving target of Plaintiffs' design. Prejudice under *Foman* includes the burden of continued litigation under a pleading that does not identify the claims against the defendant with the specificity Rule 8 requires. *See Sanders v. Venture Stores*, 56 F.3d 771, 774 (7th Cir. 1995) (denying leave to amend where amendment would "forc[e] Defendant to re-litigate the dispute on new bases") (cleaned up).

III.    CONCLUSION

For the above reasons, CBS respectfully requests that this Court dismiss the Complaint against CBS with prejudice and grant such further relief as is just.

10

Dated: July 20, 2026

Respectfully submitted,

CBS BROADCASTING INC.

By: /s/ Brendan J. Healey
    One of its attorneys

Brendan J. Healey (ARDC #6243091)
Sharon R. Albrecht (ARDC #6288927)
BARON HARRIS HEALEY
150 South Wacker Drive, Suite 2400
Chicago, IL 60606
312-741-1030
bhealey@bhhlawfirm.com
salbrecht@bhhlawfirm.com

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that a true and correct copy of the foregoing has been served on July 20, 2026, via CM/ECF to all parties who have consented to electronic service, and by U.S. Mail and email to the following:

Kimberly Jean Brown
1026 E.46th St., Unit 2E
Chicago, IL 60653
kim@PrivacyGladiators.com

W. Kelly Shannon
2817 S. Michigan Ave.
Chicago, IL 60616
wkellyshannon@gmail.com

/s/ Brendan J. Healey